# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-cv-00426-FDW-DSC

| | |
|---|---|
| ROBERT W. SAYMAN ) | |
| MARY B. SAYMAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ASHLEY RICHEY ) | |
| ANDREW J. PETERSON ) | |
| GODDARD & PETERSON, PLLC ) | |
| NATIONSTAR MORTGAGE, LLC ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 8) and Motion for Pre-filing Injunction (Doc. No. 20-1). Defendant, through counsel, seeks a pre-filing injunction to prohibit Plaintiffs from filing any further pleadings in the current case. Regarding Defendant's Motion to Dismiss, (Doc. No. 8), in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiffs, who are proceeding *pro se*, of the heavy burden that they carry in responding to Defendant's Motion to Dismiss.

Having reviewed and consider the written arguments, administrative record, and applicable authority, for the reasons set forth below, Defendant's Motion to Dismiss is GRANTED, Plaintiff's Pro Se Complaint is DISMISSED in its entirety, and Defendant's Motion for Pre-filing Injunction is DENIED.

## BACKGROUND

On August 4, 2014, Plaintiffs Robert and Mary Sayman filed a *pro se* complaint against Defendants Ashley Richey, Andrews Peterson, Goddard & Peterson, and Nationstar Mortgage

1

("Nationstar"). (Doc. No. 1). This complaint is the second action filed by Plaintiffs in this Court against Nationstar arising out of a 2007 real estate transaction. The Court dismissed the first action for failure to state a claim upon which relief can be granted (3:13-cv-288, Doc. No. 41), and the Fourth Circuit dismissed on appeal for lack of jurisdiction. Sayman v. Lehman Bros., 14-1575, 2015 WL 105598 (4th Cir. 2015).

At the 2007 real estate closing, Plaintiffs executed Promissory Notes and Deeds of Trust. (Doc. No. 1). In the first action, Plaintiffs accused Defendants of improperly "monetizing" those documents. (3:13-cv-288, Doc. No. 34). In the present action, Plaintiffs allege:

> The present quasi-judicial hearing as being exercised itself is against North Carolina Rules and Federal Rules of Evidence §§901, 902, 1002, 1003 and§803.6 [sic] and the North Carolina and the Federal Uniform Commercial Code Title §25 N.C.G.S. §§25-3-101 to 25-3-605 and §25-9-203 is unconstitutional for it uses copies of Promissory and Deed of Trust Notes unverified and inadmissible accounting figures without the production of supporting accounting ledgers and defective affidavits with [sic] violated both State and Federal Law §803.6 and 56(e).

(Doc. No. 1, p. 10, ¶ 19). Plaintiffs also appear to allege violations under the Federal Debt Collection Practices Act ("FDCPA"), North Carolina General Statues, the Uniform Commercial Code, and the North Carolina Commerical Code. However, it is unclear from the complaint how or why Plaintiffs contend any of these laws were violated. It is also unclear what actually transpired during this real estate transaction. Plaintiffs allege:

> On or about July 18, 2007 [sic] Plaintiffs unwittingly executed a Deed of Trust and Promissory Note; the exact terms of which, and, the extent to which it adversely affected Plaintiffs [sic] rights, without recourse, were purposely left unknown. . . . Plaintiff had no knowledge whatsoever as to particular cognovits terms contained within the Deed of Trust, which, Plaintiff learned much later, contained, inter alia, a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that, [sic] Plaintiff now finds defendant wanton to, individually and

severally invoke, in order to literally confiscate Plaintiff's property without due process.

(Doc. No. 1, p. 8, ¶ 11-12). Further, after interests in the Notes were transferred several times, Defendant Nationstar now claims to be owner of Plaintiffs' Promissory Notes and Deeds of Trust. (Doc. No. 1). Defendants have not produced the original promissory notes and deeds of trust, but have provided Plaintiffs copies of these documents. Id.

Plaintiffs also seek to enjoin Defendants from selling, converting, or dispossessing them of the real estate property named in the aforementioned note. Id. Plaintiffs include Defendants Goddard & Peterson, PLLC ("Goddard"), Richey, and Peterson in this action by alleging:

> Defendants [Goddard] and Peterson acting under the respondeat superior relationship with Defendant [Nationstar] has [sic] failed to investigate whether [Nationstar] is in legal possession of the promissory and mortgage note(s) and has the right to enforce the notes(s) in a foreclosure action and has violated Title 15 U.S.C. §2692e(2)(a) . . . and Article 3 as codified in Title 25 N.C.G.S. §§13-3101 to 13-4605 and N.C.G.S. 25-9-302.
>
> Defendant [Nationstar, Goddard], Richey and Peterson has [sic] intentionally violated the supreme law of the land . . . by filing a foreclosure complaint on May28, 2014 [sic] without proving the existence of any original note(s) in direct contradiction to a ruling of Chief Justice John Marshal in Sheehy v. Mandeville, 11 U.S. 208, 218 (1812). . . .

(Doc. No. 1, p.12, ¶ 22-23). Finally, Plaintiffs allege that this case involves civil rights issues under 42 U.S.C. § 1983, and violations of the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution because Defendants deprived Plaintiffs of their right to own property and their access to courts. (Doc. No. 1).

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Nationstar moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2) for

failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, and a complaint which does not state a "short and plain statement of the claim" is not sufficient under this standard. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

Under Fed. R. Civ. Pro. 8, a party seeking relief must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the allegations contained within the pleading must be "simple, concise, and direct." Id. at 8(d)(2). While the court must treat the facts alleged in the complaint in the light most favorable to plaintiffs, the court does not need to accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts. v. J.D. Assoc., 213 F.3d 175, 180 (4th Cir. 2000). A pleading must contain enough information to give a defendant and the court "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

**Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Here, Plaintiffs' Complaint alleges violations under the FDCPA, North Carolina General Statutes, the Uniform Commercial Code, and the North Carolina Commercial Code arising out of the transfer of the mortgage documents from one mortgage lender to another. To state a claim under the FDCPA, Plaintiffs must show: (1) they have been the object of collection activity arising

4

from consumer debt, (2) Defendant is a debtor collector, and (3) Defendants engaged in an act or omission prohibited by the FDCPA. Boosahda v. Providence Dane, 462 Fed.Appx. 331, 333 n. 3 (4th Cir. 2012). Plaintiffs' complaint does not contain a factual basis satisfying any of these three prongs.

Plaintiffs allege that Defendants are trying to foreclose illegally because they have not produced the original note in the foreclosure hearing. However, "arguing that a defendant has 'not proven that it is the holder of the note because it failed to produce the original note' is 'unavailing.'" Mullis v. First Charter Bank, et. al., No. 5:12-cv-90, 2-13 WL 3899888, *15 (W.D.N.C. 2013) (quoting Dobson v. Substitute Trustee Servs., Inc., 711 S.E.2d 728, 730 (N.C. Ct. App. 2011)). Therefore, this allegation, without more, does not state a claim upon which relief can be granted.

Finally, Plaintiffs allege general violations of North Carolina General Statutes, the Uniform Commercial Code, the North Carolina Commercial Code, the Federal Rules of Evidence, 42 U.S.C. § 1983, and the First, Fifth, Seventh, and Fourteenth Amendments. However, Plaintiffs do not specify how their allegations provide for affirmative relief under any of the code sections cited, nor do they allege a cognizant violation under 42 U.S.C. § 1983 or the U.S. Constitution. The cited sections to the codes include general rules regarding the negotiability of an instrument, but Plaintiffs do not allege specific violations, nor do they provide a factual basis to support their allegations.[1] The complaint does not allege any specific violations of the Constitution, instead only mentioning several times that certain behavior is "unconstitutional" without explaining why.

---

[1] The portions of the codes cited by Plaintiffs include: N.C.G.S. §§ 25-3-101 through 25-3-605, § 25-9-203, § 9203(b)(1)-(3)(i), § 45-21-16; Fed. R. Ev. §§ 803, 901, 902, 1002-03; UCC § 25, 3-203, 3-308; and 15 U.S.C. §§ 807 and 1692.

Plaintiffs failed to plead any claim with the requisite specificity and/or factual basis. Therefore, Plaintiffs' complaint fails to state a claim upon which relief can be granted and is dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

**Rule 8 of the Federal Rules of Civil Procedure**

Similarly, the allegations in Plaintiffs' complaint do not comply with the standard set out in Rule 8. Plaintiffs' complaint is confusing, and the allegations are disguised amongst generalized grievances against the financial services industry. Further, the conclusory and confusing allegations are provided without a logical sequence of events, making the complaint even more difficult to parse through. The complaint alone is thirty-seven pages long, and as discussed above, does not contain a single claim upon which relief can be granted. The thrust of Plaintiffs' argument appears to center on the fact that Defendants did not produce an original copy of the signed promissory note at a foreclosure hearing. Collateral to this argument are allusions to a deprivation of Plaintiffs' right to due process, a claim that the deeds of trust between parties was an unconscionable contract of adhesion, and a general argument against North Carolina's power of sale statutes as unconstitutional. However, these "arguments" are jumbled among other disjointed thoughts, none of which are supported by the alleged facts. The complaint is too garbled to give Defendants fair notice of the allegations against them, and it is too long and confusing to satisfy the "short and plain" requirements of Fed. R. Civ. P. 8(a)(2). Even giving the Plaintiffs the benefit of the doubt, this complaint is frivolous.

Since Plaintiffs' complaint fails to set out a short and plain statement of the claim, it is not sufficient under Fed. R. Civ. P. 8. Therefore, Defendant Nationstar's Motion to Dismiss is granted under both Fed. R. Civ. Pro. 8 and 12(b)(6).

**THIS COURT'S SUA SPONTE REVIEW OF PLAINTIFFS' COMPLAINT**

In reviewing the complaint pursuant to Nationstar's motion, the Court also considers the sufficiency of the pleading against the remaining Defendants. A plaintiff's complaint is subject to review pursuant to the inherent authority of the district court and may be dismissed as frivolous when appropriate. Penland Fin. Servs., Inc. v. Select Fin. Servs., Inc., 2008 WL 5279638, *2 (D.S.C. 2008); see also Mallard v. U.S.D.C. for So. Dist. of Iowa, 490 U.S. 296, 307 (1989). The Fourth Circuit, along with other courts, have recognized a district court's authority to dismiss a complaint as frivolous on the grounds that a frivolous complaint cannot confer subject matter jurisdiction on the court. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 n.5 (4th Cir. 2004); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). The authority for this position derives from a long line of Supreme Court cases holding that "[a] patently insubstantial complaint may be dismissed . . . for want of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (holding the same and citing a long line of cases); Bell v. Hood, 327 U.S. 678, 682-83 (1946).

A district court may dismiss a claim for lack of subject matter jurisdiction on its own motion. See Fed. R. Civ. P. 12(h)(3). Furthermore, "aside from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006).

Here, only Nationstar filed a Motion to Dismiss Plaintiffs' complaint, so the effect of granting that motion only removes Nationstar from the proceedings. However, as explained above,

7

Plaintiffs' complaint itself does not meet the standards of Fed. R. Civ. P. 12(b)(6) or Rule 8 because it is frivolous. Among the lists of state and federal codes that Defendants were alleged to have violated, Plaintiffs alleged various accusations against financial services industry as a whole: "One thing is very clear that Title 45-21-16 is unconstitutional or the attorneys are involved in corruption at the highest levels of judiciary. . . ." (Doc. No. 1, p. 19). The conclusory allegations are presented in such a jumbled manner that it becomes impossible to create a logical sequence of events. For example, it is unclear from the complaint what role all the Defendants play or what actually transpired during this matter. Plaintiffs allege that "Defendant [Nationstar] are [sic] the masters and under the Doctrine of Respondent [sic] Superior, apparent authority, maintenance and champerty are the party guiding, controlling in a direct supervisory management roll [sic] and are controlling of the actions of defendant [Nationstar], Peterson and Richey. . . ." (Doc. No. 1, p. 13). Plaintiffs further allege:

> Defendant Nationstar . . . now claims that they are the owners or creditor and servicing agent of the unproduced Sayman Promissory and Deed of Trust Notes. Defendant Nationstar has not produced their contractual agreement including and not limited to the valid "Chain of Title" or the original promissory and deed of trust to prove their claim as creditor having maintained full servicing rights. [Nationstar] is operating through a respondeat authority, champertous, apparent authoritative and maintenance relationship with [Goddard]. . . .

Id. at p. 2. While it appears that some transfer was made, there is no explanation surrounding the circumstances of this 2007 real estate matter. Due to the conclusory, lengthy, and confusing nature of Plaintiffs' complaint, it is frivolous. As the Fourth Circuit held in Dixon v. Coburg Dairy, a frivolous complaint does not confer subject matter jurisdiction upon the court. 369 F.3d at 817. Furthermore, this Court has an interest in keeping its docket clear of dormant cases, especially cases such as this that are frivolous and unfounded.

Plaintiffs' complaint is frivolous and thus lacks subject matter jurisdiction. Therefore, this Court *sua sponte* grants a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

**DEFENDANT'S MOTION FOR PRE-FILING INJUNCTION**

Defendant Nationstar has moved for a pre-filing injunction because "Plaintiffs [sic] repeated, factually and procedurally improper filings have and continue to cause Defendant Nationstar expensive, unnecessary expense and cost." (Doc. 21 p. 1). The All Writs Act, 28 U.S.C. § 1651(a), allows a federal court to limit access to the courts for vexatious and repetitive litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). "There are no exceptions for pro se litigants." Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) (quoting Mallon v. Padova, 806 F.Supp. 1189 (E.D.Pa. 1992)). However, the use of a pre-filing injunction against a *pro se* plaintiff should be approached with caution and should be used as the exception to the rule of free access to the courts. Cromer, 390 F.3d at 817 (citing Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

> In determining whether a prefilling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 817-18.

Additionally, the "district court must afford the litigant notice and an opportunity to be heard." Larrimore v. Williamson, 288 Fed. App'x. 62, 63 (4th Cir. 2008) (unpublished) (quoting Cromer, 390 F.3d at 819). The Fourth Circuit has deemed notice sufficient where a litigant was

given "proper notice of the magistrate's recommendations and ample opportunity to register his objections" before the injunction was adopted. Joyner v. Riley, No. 88-6698, 1988 WL 131841, at *1 (4th Cir. Dec. 2, 1988) (unpublished).

"The court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits: 'A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court.'" Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) (quoting Lysiak v. Commissioner of Internal Revenue, 816 F.2d 311, 313 (7th Cir. 1987)). The Court must narrowly tailor the injunction to fit the circumstances at issue. Cromer, 390 F.3d at 818.

### A. Party's history of litigation, in particular whether they have filed vexatious, harassing, or duplicative lawsuits.

Plaintiffs have a history of filing lawsuits in this Court. In 1998, Plaintiffs, through counsel, filed claims against Secura Investments Incorporated claiming assault, libel, and slander. The case was settled through mediation and was dismissed by the court. (Sayman v. Secured Investments Incorporated, 3:98-cv-00046 (W.D.N.C. 1998) (Doc. 11)).

In 2012, Robert Sayman, a Plaintiff in this case, filed suit against Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC and multiple employees of Teague, Rotenstreich, Stanaland, Fox & Holt, including Steven B. Fox, Steven G. Teague, Michael D. Holt, Jeremy K. Kosin, Lyna K. Broom, Robert K. Franklin, Kara C. Vey, Camilla F. DeBoard, Terrence B. Stanaland, John Doe, and Jane Doe. Mr. Sayman claimed that the defendants, on behalf of and under the direct supervision of Wells Fargo Bank, violated the FDCPA, 15 U.S.C. § 1692, by engaging in "abusive, deceptive, deceitful and unfair debt collection practices in an attempt to injure, abuse, deceive, and

to collect on an unverifiable, unliquidfied [sic] and disputed debt § 1692a(5)." (Sayman v. Teague, Rotenstreich, Stanaland, Fox & Holt, 3:12-cv-00787 (W.D.N.C. 2012) (Doc. 1 pp. 2-3)). The defendants filed answers to the complaint alleging that the Court lacked subject matter jurisdiction, the plaintiff had failed to obtain effective service of process over the defendants, and the plaintiff failed to state a claim upon which relief could be granted. All parties stipulated that all the claims against the defendants be dismissed with prejudice. (Sayman v. Teague, Rotenstreich, Stanaland, Fox & Holt, 3:12-cv-00787 (W.D.N.C. 2012) (Doc. 12)).

On May 10, 2013, Plaintiffs filed a complaint against Lehman Brothers ("Lehman"), Volkswagen Bank USA ("Volkswagen"), and Nationstar asserting various claims in connection with financing obtained by Plaintiffs. (Sayman v. Lehman Brother, 3:13-cv-00288 (W.D.N.C. 2013)). Nationstar filed a motion to dismiss the claims. Id. On December 4, 2013, the Magistrate Judge recommended dismissal of the complaint for failure to state a claim and by Order dated March 4, 2014, the Court adopted the recommendation of the Magistrate Judge and dismissed the complaint. (Sayman v. Lehman Brother, 3:13-cv-00288 (W.D.N.C. 2013) (Doc. 41)). Plaintiffs appealed the judgment to the Fourth Circuit Court of Appeals. (Sayman v. Lehman Brother, case 3:13-cv-00288 (W.D.N.C. 2013) (Doc. No. 43)). The Fourth Circuit Court of Appeals dismissed the claim for lack of jurisdiction. Sayman v. Lehman Bros., 14-1575, 2015 WL 105598 (4th Cir. 2015).

On August 4, 2014, Plaintiffs filed the instant action against Nationstar. (Doc. No. 20-1, p. 2). In response, Nationstar answered and moved to dismiss. Id. As explained above, Nationstar has prevailed on its arguments to dismiss. To date, Plaintiffs have filed several frivolous documents in this case including a "Settlement Agreement and Release," (Doc. No. 15), and a

"Motion to Strike Nationstar's Motion to Dismiss" (Doc. No. 16). Plaintiffs alleged in their Motion to Strike that Nationstar's Motion to Dismiss was clearly improper because Nationstar filed an answer. (Doc. 20-1, p. 2).

### B. Whether the party had a good faith basis for pursuing the litigation, or simply intended to harass.

Plaintiffs claim that they have a good faith basis for pursuing the current litigation because "[t]he Plaintiffs' first Complaint was erroneously dismissed by this Court, and is on appeal, and Plaintiffs have made credible and meritorious arguments that this Court erroneously concluded that the statute of limitations had run on their claim." (Doc. 24, p. 3). The Fourth Circuit affirmed the dismissal of that action, and Plaintiffs cannot now seek to re-litigate those claims. The past two cases filed by Plaintiffs have been dismissed. In the present case, the Court is dismissing the claim as to all Defendants for being a frivolous action. It appears that the very nature of the claims filed by Plaintiffs is intended to harass the Defendants and has resulted in Defendants having to litigate against frivolous claims.

### C. The extent of the burden on the courts and other parties resulting from the party's filings.

In the Motion for Pre-filing Injunction, Nationstar claims that they have faced "the great burden of having to weed through and decipher the various filings by Plaintiffs in order that it may properly respond." (Doc. 20-1, p. 4). Nationstar specifically points to having to respond to an eighty-six paragraph complaint, responding to a "Settlement Agreement" filing that Nationstar never agreed to, and responding to an improper Motion to Strike. (Doc. 20-1, pp. 4-5). Nationstar has now had to spend time and money litigating another matter before the Court that is being dismissed as frivolous.

Plaintiff's duplicative filings and repeated motions place a substantial burden on the Court's limited judicial resources and on Defendants who must respond. Moreover, many of Plaintiff's motions are not cognizable. Plaintiff's docket entries are unmistakably void of any rational legal argument. Plaintiff's filings are "tiresome" and "wasteful of the Court's time" and "wasteful of the Defendants' resources." Cromer, 390 F.3d at 818. The Court finds that Plaintiff's motions lack good faith and are a burden on judicial and Defendants' resources.

### D. The adequacy of alternative sanctions.

Nationstar seeks to prohibit Plaintiffs from the "continued, frivolous filings." (Doc. 20-1, p. 5). The Court has the right to sanction Plaintiffs as long as it is narrowly tailored to fit the circumstances at issue. The Court could find the adequate remedy to be: banning Plaintiffs from filing any further pleadings in this case, barring Plaintiffs from filing any subsequent case against Nationstar in this Court based upon the real estate transaction at issue herein without prior permission from the Court, and requiring Plaintiffs to seek the Court's permission before filing any subsequent case. These sanctions would be narrowly tailored not to cut off Plaintiffs from the Court but to curb further groundless, repetitive, and frivolous suits.

### E. Adequate notice of a pre-filing injunction.

Defendant's motion for a pre-filing injunction and Plaintiffs' subsequent response maybe minimally sufficient to alleviate the Court's due process concerns over issuing a pre-filing injunction against a *pro se* litigant. Out of an abundance of caution and because there is no specific reference to a pre-filing injunction in the Court's previous warnings to Plaintiffs, the Court declines to impose a pre-filing injunction at this time notwithstanding the Court's analysis above that such a sanction might be warranted. <u>Such leniency will not be extended in future filings</u>.

13

## CONCLUSION

In sum, this case is dismissed because it has no arguable basis in law or fact and, indeed, is frivolous. Plaintiff's latest Complaint is nothing more than Plaintiff's attempt to relitigate claims already adjudicated on the merits by the Court. Plaintiff's repetitive, vexatious, and duplicative filings have demonstrated a lack of respect for the judicial process and caused all participants to expend considerable resources. The Court will not entertain frivolous filings. By declining to enjoin Plaintiffs today, the Court in no way condones the *pro se* litigants' conduct in these matters. Therefore, based upon aforementioned considerations **the Court expressly warns Plaintiffs that any future filings of frivolous documents in this Court against any of the named Defendants in this case, or any frivolous action in a subsequent case will result in Rule 11 sanctions and/or the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is, without motion from Defendants.**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**. Plaintiffs' Pro Se Complaint (Doc. No. 1) is **DISMISSED**. Defendant's Motion for Pre-filing Injunction (Doc. No. 20-1) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are **CAUTIONED that further filing of frivolous documents in this Court against any of the named Defendants in this case, or any frivolous action in a subsequent case will result in Rule 11 sanctions (for ex. a monetary fine) and the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is, without motion from Defendants.**

**IT IS FURTHER ORDERED** that the Clerk of this Court is instructed to file a copy of this Order in any case in which Plaintiff Robert Sayman appears, including, but not limited to, 3:12-cv-00787, 3:13-cv-00288, and 3:14-cv-00426.

**IT IS SO ORDERED.**

Signed: February 25, 2015

Frank D. Whitney
Chief United States District Judge